Ernest E. BLAKE, Plaintiff
and Appellant,

v.

Hubert C. LAMBERT, State Engineer,
Defendant and Respondent.

No. 15668.

Supreme Court of Utah.

Jan. 29, 1979.

Joseph C. Fratto, Salt Lake City, for plaintiff and appellant.

Robert B. Hansen, Atty. Gen., Dallen W. Jensen, Deputy Atty. Gen., Salt Lake City, for defendant and respondent.

PER CURIAM:

This is an appeal from a judgment of the District Court affirming the order of the state engineer denying all three of Blake's applications (36570, 35444 and 33554) for the appropriation of water for irrigation, stock watering and domestic purposes under Title 73 (Water and Irrigation), Utah Code Annotated, 1953. Section 73–3–12 required diligent prosecution of the work to develop water within the time allowed in the application, failing completion of which within the time period allowing extensions, not exceeding 50 years. An extension might be granted by "showing diligence or reasonable cause for delay." Such showing is to be made under oath, and Blake filed affidavits and obtained extensions abstracted below, which he insists satisfy such proof. The showings made in each case allegedly being as follows:

I. Application 36570: This application was approved pro forma on July 11, 1966, and was for 3 c. f. s. of water for irrigation, stock watering and domestic uses, by using drains for collection. Four extensions were granted over a 6½ year period, with only $200 expended for development over that entire period. Blake's estimated cost of completion if a fifth extension were granted was $1,500. His "diligence or reasonable cause for delay" was a drawn-out divorce and an inability to procure an easement from the Bureau of Land Management, unsupported and or not conceded by the latter, plus delay caused by onerous regulations of the State Engineer's own regulations.

II. Application 35444: For 50 c. f. s., which initially was approved February 11, 1965 and was supplemented by four extensions during an 8-year span, during which time $400 had been expended for development. Identical reasons for non-compliance were assigned as they were in # 36570, supra.

III. Application 33554: For 1 c. f. s., approved November 23, 1962, was supplemented by five extensions over a 10-year period, with a claimed total expenditure for development of $2,100 and with an estimated $3,800 for completion. Blake gave the same reasons as in the other cases, but did not say how long the drawn-out divorce had continued, but presumably at least since the

first extension, persisting through four more.

Blake not only had failed to get any easement from the Bureau of Land Management but it was stipulated that he was neither the owner nor possessor of the land on which he proposed to use the water. In the meantime there have been unapproved and waiting applications by others in the area, and there is some question, even as to availability of water which has been waiting for an answer during the time Blake's applications have been extended.

The reasons for delay given by Blake were not considered of sufficient merit to justify repeated extensions in cases where similar reasons have been advanced. At best they are fact situations involving a considerable respect for supporting the exercise of discretionary power in arriving at a conclusion to grant either application or extensions thereof to appropriate water.

Water, in an arid state like Utah, is its life-blood, measured in currency represented by survival itself,—without a high degree of equitable justification for protracted extension.[1]

The judgment of the district court is affirmed. No costs are awarded.

1. *Carbon Canal v. Sanpete*, 19 Utah 2d 6, 425 P.2d 405 (1967).